## TEMPLETON v. KEHLER.

(District Court, E. D. Pennsylvania. October 29, 1909.)

### No. 2.

BANKRUPTCY (§ 305*)—ACTION BY TRUSTEE TO AVOID PREFERENCE—JUDGMENT.

Where a trustee in bankruptcy recovers a verdict against a preferred creditor in a court other than the bankruptcy court, defendant is not entitled to have judgment withheld until he has proved his claim and a dividend in his favor has been declared by the bankruptcy court, and to have the amount deducted from said judgment.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 466; Dec. Dig. § 305.*]

Action by Richard Templeton, trustee in bankruptcy of Frank J. Kehler, against H. Calvin Kehler. On motions for new trial and for judgment notwithstanding the verdict. Motions overruled.

George M. Roads, for plaintiff.
Abraham M. Beitler and G. E. Farquhar, for defendant.

J. B. McPHERSON, District Judge. This case presents the ordinary situation where an insolvent debtor transfers property in payment of an antecedent debt, and upon a review of the testimony I am unable to say that the evidence offered in support of the trustee's claim was too slight to be submitted to a jury. The motion for a new trial was practically abandoned on the argument, and is now overruled pro forma. The motion for judgment notwithstanding the verdict is also overruled for the reason just given, and to this order of the court an exception is sealed in behalf of the defendant.

The trustee is therefore entitled to judgment on the verdict in the usual course, unless an application that has been made by the defendant should be favorably considered. It is urged that although it may be true that the defendant accepted a preference, and that he must now surrender it, he is nevertheless entitled to prove his debt against the bankrupt, and that under the analogy of Page v. Rogers, 211 U. S.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

581, 29 Sup. Ct. 159, 53 L. Ed. 332, judgment should not be entered upon the verdict until the final account of the trustee in bankruptcy shall be filed, and should only be entered then for such amount as will remain after giving the defendant credit for such dividend as he may be awarded upon his debt. But in Page v. Rogers the suit was brought in the bankruptcy court that had jurisdiction of the trustee's accounts, and under such circumstances it was, of course, "entirely practicable to avoid the circuitous proceeding of compelling the defendant to pay into the bankruptcy court the full amount of the preference which he had received, and then to resort to the same court to obtain part of it back by way of dividend." Accordingly the Supreme Court went on to say:

"The defendant may be permitted, if he shall be so advised, to prove his claim against the estate of the bankrupt, and the bankrupt court may then settle the amount of the dividend coming to him, and the final decree may direct him to pay over the full amount of his preference, with interest, less the amount of his dividend."

Here, however, the tribunal in which Frank Kehler was adjudged a bankrupt is the District Court for the Western District of New York, while the proposed judgment will be entered or suspended in the District Court for the Eastern District of Pennsylvania. Evidently, under such circumstances, the result is likely to be expense and confusion, rather than greater simplicity of procedure, and I do not see the advantage of the course that has been suggested on behalf of the defendant. The plaintiff may therefore enter judgment on the verdict, leaving the defendant to prove his claim in the Western District of New York, if he shall be so advised, and receive his dividend there.