### TEMPLETON v. KEHLER.

#### (District Court, E. D. Pennsylvania. October 29, 1909.)

#### No. 4.

BANKRUPTCY (§ 165*)—VOIDABLE PREFERENCE—DELIVERY OF PROPERTY BY IN-SOLVENT UNDER CONTRACT OF PURCHASE—DEDUCTION OF ADVANCE PAY-MENT.

 Defendant contracted for the purchase of cattle from a bankrupt, while the latter was insolvent and within four months prior to his bankruptcy, and made an advance payment thereon. The cattle were subsequently delivered, and he paid the remainder due. *Held*, that he was not a creditor of the bankrupt in any proper sense on account of the advance made, and that the deduction of the amount of such advance from the price of the cattle when payment was made on delivery was not the receiving of a preference, recoverable by the bankrupt's trustee.

 [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 259; Dec. Dig. § 165.*]

Action by Richard Templeton, trustee in bankruptcy of Frank J. Kehler, against Charles R. Kehler. On motion by defendant for judgment notwithstanding the verdict. Motion sustained.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

George M. Roads, for plaintiff.
Abraham M. Beitler and G. E. Farquhar, for defendant.

J. B. McPHERSON, District Judge. The facts in this case differ essentially from the facts in the suit against Calvin Kehler, 173 Fed. 574. There the debt was pre-existing and the payment was confessedly preferential, if the evidence was sufficient to show that the intent to prefer and the reasonable cause to believe in such intent were present. These are questions of fact ordinarily, and a jury must decide them if there is evidence to warrant the submission. But here there was no antecedent debt, and therefore no preferential payment could be made. The defendant was buying cattle from the bankrupt in the usual course of business, and had advanced money in part payment. The cattle were delivered (the price being concededly fair), and the defendant became the bankrupt's debtor for the balance of the price. Thereupon a settlement was made, and the defendant paid the difference in cash. To avoid the necessity of trying the case a second time, in case I should be wrong in the foregoing view, I submitted to the jury the questions whether the delivery of the cattle was either a fraudulent transfer under section 67, cl. "e" (Act July 1, 1898, c. 541, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3449]), or was a preferential payment under section 60, cls. "a" and "b"; but I believed at the trial, and I believe now, that no evidence had been offered that required submission on either point. The verdict in favor of the trustee means that in the jury's opinion the cattle were transferred to the defendant either fraudulently, or as a preferential payment of the $925 which the defendant had advanced upon account of the purchase price. Upon the question of fraud, I repeat that no evidence justifying submission is to be found; and upon the question of preference the defendant was also entitled to binding instructions, because he was not the bankrupt's creditor in any proper sense, but is rather to be regarded as the bankrupt's debtor. He had ordered cattle in the usual course of business, and had paid part of the purchase price in advance. He could not pay the full price until the cattle should be delivered and the exact sum ascertained. When, therefore, the bankrupt delivered the cattle, and was paid the balance that could only then be determined, it seems clear to me that he was bound to give the defendant credit in the settlement for the money ($925) that had been already advanced, and that he was not paying a debt to that amount by delivering the cattle, but was merely completing an executory sale by handing over the property and making settlement for the price.

Judgment notwithstanding the verdict may be entered in favor of the defendant.

Exception to the plaintiff.