**In re RIVERSIDE SUPPLY, INC. d/b/a Pioneer Home Center, Debtor.**

**James R. WALSH, Esquire, Trustee of the Bankruptcy Estate of Riverside Supply, Inc. d/b/a Pioneer Home Center, Plaintiff,**

**v.**

**Gary COBAUGH, Defendant.**

**Bankruptcy No. 82–1920.**

**Adv. No. 85–255.**

United States Bankruptcy Court, W.D. Pennsylvania.

Jan. 13, 1986.

James R. Walsh, Spence, Custer, Saylor, Wolfe & Rose, Johnstown, Pa., for plaintiff/trustee.

David J. Weaver, Glass & Weaver, Johnstown, Pa., for defendant.

### MEMORANDUM OPINION

JOSEPH L. COSETTI, Bankruptcy Judge.

Presently before this Court is the Trustee's Motion for Summary Judgment and the Defendant's Cross-Motion for Summary Judgment. The legal issue is whether the Debtor's payment of the deposit to the Defendant constitutes a voidable preference, under § 547 of the Code. Based upon the character of the transaction in question, this Court finds that the Defendant's deposit did not constitute a loan. At the time it was paid it was not considered an antecedent debt and therefore the payment did not constitute a preference.

On July 8, 1981, Pioneer Home Center ("Debtor") and Gary Cobaugh ("Defendant") entered into a contractual relationship in which Defendant was to purchase

home building supplies from the Debtor. Defendant gave Debtor $2,014.00 as an advance payment on the supplies. The supplies were to include various items to be ordered for Defendant and which he was to receive within 2 weeks. On November 20, 1981 three and one-half months had passed, Debtor had not performed as required, and Defendant contacted Debtor for the return of his advance payment. When Debtor refused to comply, Defendant filed suit and was awarded a judgment for $2,000.00 plus costs. Debtor paid Defendant $2,079.00 on March 24, 1982. Debtor filed for relief under Chapter 11 of the Code on June 2, 1982. The case was subsequently converted to a Chapter 7 proceeding on December 31, 1984.

The Trustee asserts that Debtor's payment constitutes a preference under § 547 of the Code, which states in pertinent part:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made—

(A) on or within 90 days before the date of the filing of the petition;...

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition;...

(5) that enables such creditor to receive more than such creditor would receive if—

(B) the transfer had not been made....

Defendant argues that because the money he received was the return of an advance payment, this was not property of the estate, because the Debtor had no legal or equitable interest in the property. The Court has technical problems with this argument. The Court recognizes that the parties did not intend a loan, but a trust, to guarantee payment upon delivery.

We found no cases on point under the Code of 1978; however, an analogy can be made to an Act case, *Templeton v. Kehler*, 173 F. 575 (E.D.Pa.1909). In that case, the Defendant was buying cattle from the debtor and had made a partial advance payment. When the cattle were delivered, a settlement as to the amount remaining was made and the Defendant paid that amount in cash.

In holding that the advance deposit was not a preference, the Court stated that, "the defendant ... was not the bankrupt's creditor in any proper sense, but is rather to be regarded as the bankrupt's debtor." *Supra*, 173 F. at 576. The Court continued its analysis by stating:

When, therefore, the bankrupt delivered the cattle, and was paid the balance that could only then be determined, it seems clear to me that he was bound to give the defendant credit in the settlement for the money ($925) that had been already advanced, and that he was not paying a debt to that amount by delivering the cattle, but was merely completing an executory sale by handing over the property and making settlement for the price.

In *Templeton*, the delivery of the cattle on which a partial advance payment had been made was not considered a preference. In this case, the return of the advance payment on a cancelled contract is not considered a preference.

The existence of the Defendant's judgment is not the controlling factor in this case. A valid court judgment used to enforce the Defendant's rights to recover these monies which were advanced does not convert this deposit to a "loan" and an "antecedent debt". The parties intended the supplies to be shipped contemporaneously with the Debtor's receipt of them. The deposit is of the nature of a trust to guarantee payment.

We recognize that had the repayment of this deposit not been made before the filing, as a claim it would receive a priority under § 507(a)(6). In this case, the priority may not be adequate to pay this claim. However, all of the requirements of § 547

must be met to establish a preference, and in this case the requirement of an antecedent debt is not met. The Court, therefore, holds that the payment of the advance by the Debtor to the Defendant does not constitute a preference.

An appropriate Order will issue.